UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN W. CONNELL, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:23-cv-12006-IT |
| | * |
| PNC BANK, | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

July 1, 2024

TALWANI, D.J.

Pending before the court is Defendant PNC Bank's Motion to Dismiss [Doc. No. 24] Plaintiff John Connell's Second Amended Complaint [Doc. No. 21]. Plaintiff asserts three claims: 1) predatory lending, 2) breach of fiduciary duty, and 3) fraud. Defendant moves to dismiss all three claims with prejudice.

For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED.

## I. Factual Background

On July 26, 2004, Plaintiff John Connell obtained a $160,000 mortgage loan from First Franklin Financial Corp which was secured by his house at 465 Middlesex Turnpike, Billerica, Massachusetts. Second Am. Compl. at 1 [Doc. No. 21]; id., Ex. 1 at 5 (Mortgage) [Doc. No. 21-1]. Connell signed an Adjustable Rate Rider for that mortgage, which provided that the original interest rate for the loan began at 7.125%, Second Am. Compl. at 1 [Doc. No. 21], and could not rise above 13.125%. Second Am. Compl., Ex. 1 at 20–22 (Adjustable Rate Rider) [Doc. No. 21-1].

On July 16, 2010, Connell executed a Modification Agreement (the "Modification") to the loan. 2d Am. Compl. at 1 [Doc. No. 21]; id., Ex. 1 at 29 (Modification Agreement) [Doc. No. 21-1]. The Modification Agreement stated that as of July 2010, the principal due on Connell's mortgage was $159,289.04 and the interest due was $25,311.12, for a new principal balance of $184,600.16. 2d Am. Compl., Ex. 1 at 24 (Modification Agreement) [Doc. No. 21-1]. The Modification Agreement also provided that Connell's new monthly payments would be $1,535.51, new interest rate would be 8.75%, and new loan term would be 288 months. Id. at 31. Connell made mortgage payments on the loan until November 2010. 2d Am. Compl. at 1 [Doc. No. 21]; see also id., Ex. 1 at 64–65 (Past Due Notice) [Doc. No. 21-1].

Defendant PNC Bank became the record holder of the mortgage on November 16, 2011. Declaration of Megan E. Ryan ("Ryan Decl."), Ryan Decl., Exs. 2 & 3 [Doc. Nos. 26-2, 26-3]. On January 8, 2016, Select Portfolio Servicing (the loan servicer for Defendant PNC Bank) sent Connell a Past Due Notice, informing him that the bank had not received mortgage payments for the months from December 2010 until the date of mailing, for an unpaid total amount of $119,942.75. 2d Am. Compl., Ex. 1 at 64 (Past Due Notice) [Doc. No. 21-1]. According to the letter, all but five of Connell's delinquent payments were for $1,342.95, less than the amount specified in the 2010 Modification Agreement. See id. at 64–65. The letter gave Connell 150 days to cure the default. Id.

On November 20, 2017, PNC Bank purchased Plaintiff's property for $243,000 at a foreclosure sale. 2d Am. Compl. at 1 [Doc. No. 21]; Ryan Decl., Ex 5 (Foreclosure Deed) [Doc. No. 26-5].

## II. Procedural Background

Connell filed his original Complaint in Massachusetts Superior Court on July 26, 2023. PNC Bank timely removed. Connell filed his First Amended Complaint on October 17, 2023, and his Second Amended Complaint on January 22, 2024. He asserts: 1) predatory lending, 2) breach of fiduciary duty, and 3) fraud. Connell seeks $627,300, which he contends is the current market value of 465 Middlesex Turnpike, Billerica, and treble damages for fraud.

## III. Standard of Review

### A. Failure to State a Claim under Rule 12(b)(6)—Generally

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Exhibits attached to the complaint are properly considered part of the pleading for all purposes, including Rule 12(b)(6)." Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (internal citations and quotations omitted). In ruling on a motion to dismiss, "a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice.'" Lydon v. Local 103, Int'l

Bhd. of Elec. Workers, 770 F.3d 48, 53 (1st Cir. 2014) (quoting Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008)) (alteration in original).

### B. Pleading Special Matters—Rule 9

When a plaintiff brings claims sounding in fraud, there is an exception to Rule 12(b)(6)'s general plausibility pleading standard. See N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 567 F.3d 8, 15 (1st Cir. 2009) (holding that the particularity requirement applies not only to actual fraud claims but also to "associated claims where the core allegations effectively charge fraud"). Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, a party must state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires that a plaintiff's averments of fraud specifically plead the time, place, and content of the alleged false representation. Mulder v. Kohl's Dep't Stores, Inc., 865 F.3d 17, 22 (1st Cir. 2017). The purpose of this requirement is to "give notice to defendants of the plaintiffs' claim, to protect defendants whose reputation may be harmed by meritless claims of fraud, to discourage 'strike suits,' and to prevent the filing of suits that simply hope to uncover relevant information during discovery." Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir. 1996).

The First Circuit has interpreted this rule to require that beyond pleading "the false statements and by whom they were made," a plaintiff must also identify "the basis for inferring scienter." N. Am. Catholic Educ. Programming Found, 567 F.3d at 13. This requirement renders a "general averment of the defendant's 'knowledge' of material falsity" insufficient. Id. (quoting Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992), superseded by statute on other grounds, Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737). Instead, plaintiffs must put forth "specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." Id.

4

In general, a complaint filed *pro se* is "liberally construed" and held to "less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). That does not mean that *pro se* plaintiffs need not plead facts sufficient to state a claim, but it does afford them some leniency when facing a motion to dismiss. See Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

### IV. Discussion

#### A. Predatory Lending Claim

Connell asserts that the modification of his loan was predatory based on interest rate changes and Defendant's refusal to provide payment information prior to the modification. The Massachusetts Predatory Home Loan Practices Act, M.G.L. c. 183C, "prohibits a lender from making a 'high-cost home mortgage loan'" except under certain conditions. Com. v. Fremont Inv. & Loan, 452 Mass. 733, 748, 897 N.E.2d 548 (2008) (quoting M.G.L. c. 183, § 4). Connell fails to state a predatory lending claim under M.G.L. c. 183C because he fails to plausibly allege that his loan was a "high-cost" home mortgage loan. His claim is also time barred.

1. Statute of Limitations

A predatory lending claim under M.G.L. c. 183C must be brought within (1) five years of the closing of a high-cost home mortgage loan, or (2) "at any time during the term of a high-cost home mortgage loan . . . after an action to . . . foreclose on the collateral securing the home loan has been initiated . . . ." M.G.L. c. 183C, § 15(b)(1–2).

The five-year limitations period to challenge a high-cost mortgage loan under M.G.L. c. 183C, § 15(b)(1) begins to run on the date of the closing sale. Da Silva v. U.S. Bank, N.A., 885 F. Supp. 2d 500, 504 (D. Mass. 2012); see Rife v. One W. Bank, F.S.B., 873 F.3d 17, 20 (1st Cir. 2017) (affirming the dismissal of a 183C claim as time-barred because the borrower could have

discovered the cause of action "with the exercise of reasonable diligence," given that the borrower had possessed the terms of the loan since its origination). Connell filed this lawsuit on July 26, 2023. But Connell executed the Modification Agreement on July 16, 2010. Second Am. Compl. at 1 [Doc. No. 21]. The statute of limitations under M.G.L. c. 183C, § 15(b)(1) began running when the loan modification documents were signed and expired on July 16, 2015.

Relying on M.G.L. c. 183C, § 15(b)(2), Connell contends that he brought this action "during the term of a high-cost mortgage loan." The "'term of the high-cost mortgage loan' refers to the period from the origination date to the date when the underlying indebtedness is repaid, or to the original maturity date, whichever is earlier," and recovery is limited to the amount required to reduce or extinguish the borrower's liability under the loan. HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 337 (2022). Here, the "underlying indebtedness" was repaid when PNC Bank sold the foreclosed property in November 2017. See Ryan Decl., Exs. 5 & 6 [Doc. Nos. 26-5, 26-6]. Connell does not allege that any party is attempting to seek recovery of the balance of the loan from him, nor does he dispute that PNC Bank sold the property. See Second Am. Compl. at 1 (noting that in 2017, the "defendant sold the property for $243,000") [Doc. No. 21]. Accordingly, the term of Connell's mortgage has expired, and the action is also untimely under M.G.L. c. 183C § 15(b)(2).

2. High-Cost Mortgage Allegations

M.G.L. c. 183C § 15(b) allows borrowers to recover "amounts required to reduce or extinguish the borrower's liability under [a] high-cost home mortgage loan" against "any subsequent holder or assignee of the home loan." A "high cost home mortgage loan" includes (1) residential mortgages in which "the annual percentage rate at consummation will exceed by more than 8 percentage points for first-lien loans . . . the yield on United States Treasury Securities

6

having comparable periods to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender" and (2) residential mortgages where "the total points and fees exceed the greater of 5 per cent of the total loan amount or $400." M.G.L. c. 183C, § 2.

Connell fails to plausibly allege that this loan modification was a high-cost home mortgage loan under M.G.L. c. 183C § 15(b)(2). Connell contends that the interest rate on the loan was raised from 7.125% to 8.75%, see Modification Agreement [Doc. No. 21-1 at 26], but does not allege that the rate was more than 8 percentage points above the yield on comparable United States Treasury Securities. Connell also does not allege that the loan's total points and fees exceed $8,000, which is 5% of the total initial loan amount ($160,000). Therefore, Connell fails to state a predatory lending claim under both § 15(b)(1) and (2).

### B. Breach of Fiduciary Duty Claim

Connell asserts a breach of fiduciary duty based on the interest rates charged and Defendant putting its self-interest above his interest. Connell's claim for breach of fiduciary duty fails to state a claim because 1) any breach of fiduciary duty claim would be time barred, and 2) Connell fails to allege facts showing that PNC Bank owed him a fiduciary duty.

1. Statute of Limitations

A claim for breach of fiduciary duty is a "tort-based theory." Diamond v. Pappathanasi, 78 Mass. App. Ct. 77, 99 (2010). Tort claims are subject to a three-year statute of limitations. M.G.L. c. 260, § 2A; Andersen v. LaSalle Bank N.A., 2016 WL 3093375, at *4 (D. Mass. June 1, 2016). In the mortgage context, claims concerning loan origination accrue at the inception of the loan. O'Brien v. Deutsche Bank Nat'l Trust Co., 948 F.3d 31, 35 (1st Cir. 2020). "Th[is] conclusion is consistent with 'the Massachusetts rule that the terms of written agreements are

binding whether or not the signatories actually read them.'" Id. (quoting Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 327 (1st Cir. 2013)).

Connell claims that PNC Bank breached its fiduciary duty by charging unfair interest rates under the original loan and Modification. Second. Am. Compl. at 1 [Doc. No. 21]. Connell's cause of action accrued, at the latest, when he signed the Modification Agreement on July 16, 2010. Therefore, the statute of limitations expired, at the latest, on July 16, 2013.

2. Lack of Fiduciary Duty

A traditional arms-length transaction between a borrower and lender does not establish a fiduciary relationship. FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 102 (1st Cir. 2009). A fiduciary duty may arise when a "borrower reposes its trust and confidence in the lender," but "one party cannot unilaterally transform a business relationship into a fiduciary one." Corcoran v. Saxon Mortg. Servs., 2010 WL 2106179, at *4 (D. Mass. May 24, 2010). Instead, the plaintiff must "allege that the defendant knew of or voluntarily accepted the plaintiff's reliance on its 'assistance[.]'" Id. Connell has not alleged any such facts.

C. Fraud Claim

Connell alleges that Defendant committed fraud by raising interest rates in connection with the loan modification and by refusing to answer a Demand Letter he sent. Connell's fraud allegations fail to state a claim because 1) any fraud claim relating to the loan modification would be time barred, and 2) Connell has failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

1. Statute of Limitations

A cause of action for fraud has a three-year statute of limitations. M.G.L. c. 260, § 2A. The three-year period accrues at the time of the injury to the plaintiff. Petricca v. Simpson, 862

F. Supp. 13, 16 (D. Mass. 1994); Broderick v. PNC Fin. Servs. Grp., 919 F. Supp. 2d 178, 181 (D. Mass. 2013) (stating that under the discovery rule, a claim accrues when "a party knows, or in the exercise of reasonable diligence should know, that [he] has been injured by the defendant's conduct"). "Under Massachusetts law, 'one who signs a writing that is designed to serve as a legal document . . . is presumed to know its contents.'" Salois v. Dime Sav. Bank of N.Y., FSB, 128 F.3d 20, 26 n. 10 (1st Cir. 1997) (quoting Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 24 (1992)).

Connell claims in his Opposition that he did not discover PNC Bank's alleged fraud until 2023. Pl.'s 1st Oppn. ¶ 1 [Doc. No. 28]. To the extent that his claim of fraud relates to the failure to respond to his 2023 demand letter, Connell is correct that the claim is not barred by the statute of limitations. But to the extent that the alleged fraud was raising his loan interest rate under the Modification Agreement, see Second Am. Compl. at 1 [Doc. No. 21], the claim is barred where Connell signed the Modification Agreement in 2010, as the statute of limitations for this fraud claim would have begun to run in 2010 and would have expired in 2013. See Salois, 128 F.3d at 26 n.10.

2. Fed. R. Civ. P. 9(b)

Under Fed. R. Civ. P. 9(b), fraud must be pleaded with particularity. "Under Massachusetts law, fraud requires that the defendant made a knowingly false statement concerning a material matter that was intended to, and did in fact, induce the plaintiff's reliance and, through that reliance, created an injury." Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 357 (1st Cir. 2013). The pleading must include "specifics about the time, place, and content of the alleged false representation." Id. at 358. Moreover, the plaintiff must allege facts showing

that the defendant knew of the falsity of the statement, and the plaintiff detrimentally relied on the statement. Id.

Connell alleges that Defendant's raising of his interest rates in the Modification while claiming that those rates were "in line with [the] original loan" was false and misleading. Second. Am. Compl. at 2 [Doc. No. 21]. However, Connell has not alleged that PNC Bank, who did not even assume the loan until 2011, made any false statement in connection with the 2010 Modification Agreement. Therefore, Connell has failed to meet Fed. R. Civ. P. 9(b)'s particularity requirements as to this claim.

### D. Connell's 2023 Demand Letter

Connell alleges that PNC Bank failed to respond to his 2023 Demand Letter, see Doc. No. 21-1 at 35, which requested the return of $83,000 in excess equity after the 2017 foreclosure sale of the Billerica property. But Connell does not allege or explain how that failure amounts to actionable fraud. Accordingly, Connell has failed to meet Fed. R. Civ. P. 9(b)'s particularity requirements as to this claim as well.[1]

### E. COVID-19 Tolling

Connell alleges that his claims should be tolled because of the COVID-19 pandemic. Pl.'s 1st Oppn. ¶ 4 [Doc. No. 28]. However, even if applied, the COVID-19 tolling would not be sufficient to extend the statute of limitations on any of his claims to July 26, 2023.

---

[1] Connell is correct that Massachusetts law requires the mortgagee to return surplus funds to the mortgagor, excluding missed payments and reasonable attorneys' fees, and to provide a "written notice containing an itemized accounting of the disposition of the proceeds arising from a sale . . . including, but not limited to, . . . any surplus due to the mortgagor, within 60 days after the receipt of such funds." See M.G.L. c. 183 § 27. But neither his Demand Letter nor his Complaint aver that Connell did not receive such notice in a timely manner. Nor has Connell shown that he brought (or could bring) a timely claim for notice and/or return of any excess funds. See M.G.L. c. 260 § 5A (four-year statute of limitations to bring consumer protection-related claim).

During the COVID-19 pandemic, the Massachusetts Supreme Judicial Court (SJC) tolled "[a]ll civil statutes of limitations . . . from March 17, 2020 through June 30, 2020." Shaw's Supermarkets, Inc. v. Melendez, 488 Mass. 338, 345, 173 N.E.3d 356 (2021). Pursuant to the SJC's Order, the court calculates the statute of limitations based on: "how many days remained as of March 17, 2020, until the statute would have expired, and that same number of days will remain as of July 1, 2020 in civil cases." Vasalofsky v. Johnson Controls, Inc., 2022 WL 10483856, at *2 (D. Mass. Oct. 18, 2022). In other words, the SJC's order adds 106 days (from March 17, 2020 through June 30, 2020) to the statute of limitations of all civil claims running through the applicable time period. Id. Because all of Connell's claims were untimely by more than 106 days, the SJC's Order does not alter the result of this litigation.

### V. Conclusion

For the foregoing reasons, this court GRANTS Defendant's Motion to Dismiss [Doc. No. 24].

IT IS SO ORDERED.

July 1, 2024                                          /s/ Indira Talwani
                                                      United States District Judge